# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERALD A. STRUVE, ) | |
| ) | Case No. 17-cv-8158 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| ELECTROLUX HOME PRODUCTS, INC. ) | |
| LIFE INSURANCE PLAN, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the motion to dismiss filed by Defendants Electrolux Home Products, Inc. Life Insurance Plan and Electrolux Home Products, Inc. [30], and Plaintiff's motion to strike certain affirmative defenses asserted by Defendant Prudential Insurance Company of America [36]. For the reasons set forth below, the motion to dismiss [30] is granted, and the motion to strike [36] is granted. Further status hearing set for March 19, 2019 at 9:30 a.m.

**I.    Background**

At all relevant times, Decedent Jeffrey Struve ("Decedent")—an employee of Electrolux Home Products, Inc. ("Electrolux")—was a participant in the Electrolux Home Products, Inc. Life Insurance Plan (the "Plan"), an employee welfare benefit plan. [*Id*. at ¶ 21.] Electrolux was the Plan sponsor, administrator, and a fiduciary of the Plan. [*Id*. at ¶ 22.] The Plan retained Defendant the Prudential Insurance Company of America ("Prudential") to provide life insurance for the Plan's participants and their beneficiaries under a Group Insurance Contract. [*Id*. at ¶ 23.] The Plan is fully insured by Prudential, so Prudential pays benefits from its own assets. [*Id*. at ¶ 25.] All claims determinations are made by Prudential as the claims administrator. [*Id*.] Prudential

"has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." [1-4, at 3.]

As an employee of Electrolux, Decedent was provided Group Term Life Insurance (also called Basic Life Insurance) by Prudential for $240,000 effective March 1, 2011. [1 at ¶ 28.] On or about March 9, 2013, Decedent requested and was provided $160,000.00 in "Employee Supplemental Life Insurance" (also called "Optional Life Insurance") with Prudential. [*Id*. at ¶ 29.] On or about February 28, 2013, Decedent requested an increase in "Employee Supplement Life Insurance" coverage to two times his salary ($320,000). [*Id*. at ¶ 29.][1] Under the terms of the Plan, Decedent was entitled to the requested increase in coverage without proof of insurability. [*Id*. at ¶ 31.] However, even though Decedent enrolled and agreed to pay the required contributions, Defendants refused to provide the requested increase in coverage without proof of insurability. [*Id*. at ¶ 32.] Specifically, Defendants required Decedent to complete a Short Form Health Statement Questionnaire, which he did. [*Id*.] The requested increase in coverage to two times Decedent's salary went into effect on January 1, 2014. [*Id*. at ¶ 33.]

Decedent passed away on August 13, 2014 from metastatic soft tissue sarcoma myxofibrosarcoma. [*Id*. at ¶ 34; 1-1, at 2.] He paid all contributions up to the month during which he passed away. [1, at ¶ 34.] Decedent properly designated his son Gerald Struve (the "Beneficiary" or "Plaintiff") as the beneficiary of any death benefits. [*Id*. at ¶ 36.] The Beneficiary made a claim to the Plan and Prudential for payment of the Basic Life Insurance and the Optional Life Insurance benefits. [*Id*. at ¶ 37.] The Basic Life Insurance benefits were paid. [*Id*. at ¶ 38.] However, Prudential denied the Beneficiary's claim for Optional Life Insurance benefits because

---

[1] The Court assumes that the complaint contains an error regarding the dates of the Decedent's requests for supplemental life insurance, as the complaint indicates that the request for increase in such coverage came after the Decedent initially requested such coverage. Regardless, the Court does not rely on these dates in ruling on the pending motions.

the Decedent purportedly made misrepresentations regarding his medical history on the Short Form Health Statement Questionnaire. [1-1.] Specifically, Prudential contended that the Decedent should have answered "yes" to the last question on the form, which asked:

> Within the last five years, have you been diagnosed with, or treated by a member of the medical profession for, Acquired Immune Deficiency Syndrome (AIDS) or AIDS-Related Complex (ARC), or have you been treated for or had any trouble with any of the following: heart, chest pain, high blood pressure, cancer or tumors, diabetes, lungs, kidneys, liver?

[1, at ¶¶ 3-5.] Prudential contended that the Decedent's response was misleading "because he was diagnosed with Diabetes" within the relevant time frame. [*Id*. at ¶ 4.]

Plaintiff brings this lawsuit against the Plan, Electrolux, and Prudential to recover benefits he contends are due under the Plan and related life insurance policies under Sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan and Electrolux (hereinafter, the "Defendants")[2] moved to dismiss Plaintiff's claims against them. Prudential answered the complaint and asserted numerous affirmative defenses. Plaintiff moved to strike certain of those of affirmative defenses. Before the Court are the motion to dismiss filed by Defendants and the motion to strike filed by Plaintiff.

## II. Motion to Dismiss

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it

---

[2] Although Prudential also is a Defendant, Prudential did not move to dismiss Plaintiff's complaint. Unless otherwise noted, references to "Defendants" hereinafter are to the two moving Defendants, the Plan and Electrolux.

3

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

**B.     Analysis**

  1.     *Section 502(a)(1)(B) Claims*

Defendants Elextrolux and the Plan argue that they are not the proper Defendants to this ERISA benefits action because they had no role in the benefits decision at the heart of this case. To the extent that Plaintiff seeks to bring claims to recover benefits due under Section 502(a)(1)(B), the Court agrees that Defendants are not proper Defendants. Under Section 502(a)(1)(B), "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Employers generally are not the proper defendants for claims under Section 502(a)(1)(B). *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004). "The proper defendant in a suit for benefits under an ERISA plan is * * * normally the plan itself * * * because the plan

is the obligor." *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011) (internal citations omitted); see also *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013) ("[T]he *obligor* is the proper defendant on an ERISA claim to recover plan benefits." (citing *Feinberg*, 629 F.3d at 673)). "Typically the plan owes the benefits and is the right defendant." *Larson*, 723 F.3d at 913 (citing *Leister v. Dovetail, Inc.*, 546 F.3d 875, 879 (7th Cir. 2008)). However, "[w]hen an employee-benefits plan is implemented by insurance and the insurance company decides contractual eligibility and benefits questions and pays the claims, an action against the insurer for benefits due 'is precisely the civil action authorized by § 502(a)(1)(B).'" *Id.* (quoting *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc)).

Here, the Plan fully is insured by Prudential, which pays the benefits from its own assets. [1, at ¶ 25.] Furthermore, all claims determinations (including any necessary factual findings and eligibility determinations) are made by Prudential as the claims administrator under the Plan. [*Id.*] Thus, under Seventh Circuit precedent, Prudential—not the Plan or Electrolux—is the obligor and is the proper Defendant for Plaintiff's claims to recover benefits due. Although Plaintiff argues that Defendants breached their fiduciary duties by failing to (1) provide the decedent the correct documents, (2) ensure compliance with the plan, and (3) to monitor the activities of anyone to whom it delegated obligations, Plaintiff does not explain how such purported breaches entitle him "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Plaintiff does not contest that Prudential is the obligor. Nor does Plaintiff challenge the cases cited by Defendants—and discussed above—holding that the obligor is the proper Defendant in an action brought under Section 502(a)(1)(B). Plaintiff does note that Defendants do not cite to any cases

5

in which the Court held that if the insurer is subject to suit the employer/plan is not.³  Nonetheless, the cases cited by Defendants do make clear that it is the *obligor* who is subject to liability under Section 502(a)(1)(B).  Because neither the Plan nor Electrolux are obligors, the Court grants Defendants' motion to dismiss Plaintiff's Section 502(a)(1)(B) claims against the Plan and Electrolux.

          ii.       *Section 502(a)(3) Claims*

Defendants also argue that Plaintiff's Section 502(a)(3) claims should be dismissed as duplicative of Plaintiff's Section 502(a)(1)(B) claims.  Section 502(a)(3), is a "catchall" provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489 (1996).  The Supreme Court has explained that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id*. at 515.  Applying this standard, courts consistently have recognized "that plaintiffs cannot maintain claims under § 502(a)(3) when relief is available under § 502(a)(1)(B)." *Moffat v. Unicare Midwest Plan Grp. 314541*, 2005 WL 1766372, at *5 (N.D. Ill. July 25, 2005) (collecting cases).  "[T]he mere fact that [a plaintiff's] denial of benefits claim is uncertain does not allow [the plaintiff] to proceed with a § 502(a)(3) claim."  *Id*.

Defendants argue that Plaintiff's Section 502(a)(3) claims should be dismissed because they are identical to Plaintiff's claim for benefits under Section 502(a)(1)(B).  To the extent that Plaintiff challenges the denial of benefits, the Court agrees that Plaintiff's Section 502(a)(3) claims

---

³ Plaintiff does discuss *Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001), and *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997), in which the Seventh Circuit declined to hold that the employer cannot be sued under Section 502(a)(1)(B) along with the Plan when they are closely intertwined.  Plaintiff argues that Electrolux is a proper Defendant here because—according to Plaintiff—Electrolux and the Plan also are closely intertwined.  However, in both of those cases, the plan was the obligor.  Plaintiff does not argue that *Prudential* (the obligor here) and Electrolux are closely intertwined.

are barred. However, Plaintiff also challenges Defendants' conduct in requiring the Decedent to provide proof of insurability. Specifically, Plaintiff brings breach of fiduciary duty claims against Defendants for refusing to provide coverage without proof of insurability and instead requiring Decedent to complete a Short Form Health Statement Questionnaire. To the extent that alleged misconduct led to a proper denial of Plaintiff's claim for benefits, Plaintiff's claim for relief under Section 502(a)(3) would not be duplicative of its claim for relief under Section 502(a)(1)(B). Such a claim for relief truly would be in the alternative to Plaintiff's claim for improper denial of benefits under Section 502(a)(1)(B). *Cf. Moffat v. Unicare Midwest Plan Grp. 314541*, 2005 WL 1766372, at *5 (N.D. Ill. July 25, 2005) (dismissing Section 502(a)(3) claim based on the same allegations of misconduct as Section 502((a)(1)(B) claim). Even the cases relied upon by Defendants recognize that "the door remains open for an ERISA plaintiff to bring a claim under both sections if the claims are truly distinct." *Andujar v. Sun Life Assurance Co. of Canada*, 2014 WL 4099800, at *3 (N.D. Ill. Aug. 20, 2014) (quoting *Roque v. Roofers' Unions Welfare Tr. Fund*, 2013 WL 2242455, at *7 (N.D. Ill. May 21, 2013)) (internal quotation marks omitted).

That being said, Plaintiff still must sufficiently allege that Defendants breached a fiduciary duty. Defendants argue that they were not involved in any of the alleged breaches of fiduciary duties. [31, at 2.] Plaintiff alleges that all Defendants "refused to provide" the increase in life insurance requested by the Decedent "without proof of insurability." [1, at ¶¶ 30-32.] Plaintiff further alleges that all Defendants improperly required the Decedent to complete and provide a Short Form Health Statement Questionnaire as proof of insurability, which included a purported misrepresentation that served as the basis for denying Plaintiff's claim for benefits. [*Id*. at ¶¶ 3, 32.] Plaintiff argues that Defendants breached their fiduciary duties by improperly requiring him to complete the questionnaire. However, Plaintiff also alleges that Prudential had "the sole

7

discretion to interpret the terms of the Group Contract to make factual findings, and to determine eligibility for benefits." [*Id*. at ¶ 25.] This allegation is consistent with Plan documents attached to the complaint. [See, *e.g.*, 1-4, at 3.] "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998). Under that rule, the Court cannot credit Plaintiff's allegation that the moving Defendants played any role in determining Plaintiff's eligibility for an increase in life insurance coverage.[4] Plaintiff therefore has not sufficiently alleged that Defendants breached any fiduciary duty with respect to an eligibility determination, as such determinations were left to the sole discretion of Prudential

To the extent that Plaintiff seeks to bring a breach of fiduciary duty claim against Defendants for failing sufficiently to monitor the actions of Prudential, Plaintiff fails sufficiently to allege such a claim. Plaintiff does not allege facts indicating Defendants knowingly participated in or knowingly concealed any breach of fiduciary duty by Prudential. 29 U.S.C.A. § 1105(a)(1). Nor does Plaintiff allege facts indicating that Defendants enabled a breach of fiduciary duty or had knowledge of such a breach. *Id*. at § 1105(a)(2)-(3). Plaintiff's conclusory allegations that Defendants failed adequately to monitor Prudential are insufficient to state a claim. *Twombly*, 550 U.S. at 555; see also *In re Nokia Erisa Litig.*, 2011 WL 7310321, at *5 (S.D.N.Y. Sept. 6, 2011)

---

[4] Plaintiff argues that Defendants do not cite to any authority for the proposition that the Plan and Electrolux "have no role in benefits matters; they have no discretion to determine what benefits and are not involved in the claims." [31, at 4.] However, in the preceding paragraphs, Defendants cite to allegations in the complaint and documents attached thereto in support of that assertion. [See *id*. at 3-4.] Defendants' citation to allegations in the complaint and documents attached thereto does not convert Defendants' motion to dismiss to a motion for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) ("Because the letter was attached to the complaint, it became a part of it for all purposes, and so the judge could consider it in deciding the motion to dismiss without having to convert the motion to one for summary judgment." (internal citations omitted)).

("[T]he Complaint does not allege any specific factual basis to support Plaintiffs' conclusory allegation of a lack of legally sufficient monitoring by Defendants.").

Plaintiff also argues that Electrolux was responsible for providing plan information to participants and answering questions about the plan. However, Plaintiff does not allege that Electrolux failed in either respect. Plaintiff does not allege that Defendants failed to answer any question about the plan. Nor does Plaintiff allege that Defendants failed to provide any document that the Decedent or Prudential requested. Although Plaintiff contends that the Plan did not provide Decedent with proper documents, Plaintiff does not identify allegations supporting that conclusion. To the extent that Plaintiff contends that Defendants failed to provide Decedent with the proper documents by providing Decedent with the Short Form Health Statement Questionnaire, that position is inconsistent with Plaintiff's allegations that Prudential had sole discretion to make eligibility determinations and that Prudential required Decedent to provide such proof of insurability. If Prudential required the document, there would be no reason for Defendants not to provide it.[5]

Plaintiff argues that Defendants cannot escape liability for the alleged wrongdoing of Prudential because ERISA makes Defendants co-fiduciaries with Prudential. However, as noted by Defendants, a fiduciary "does not always wear the fiduciary hat," and the viability of a "fiduciary-duty claim turns on whether" a defendant acted "as a fiduciary" when taking the challenged actions. *Brooks v. Pactiv Corp.*, 729 F.3d 758, 766 (7th Cir. 2013). The breaches of

---

[5] Plaintiff indicates that he is aware of a document prepared and submitted to Prudential (by whom is unclear) indicating that no proof of insurability was required. [41, at ¶ 31.] To the extent that Defendants were aware that Decedent improperly was being forced to provide proof of insurability when none was required, Plaintiff may be able to state a claim for breach of fiduciary duty. But Plaintiff has not made such allegations here. Instead, Plaintiff asserts that all Defendants (Prudential, Electrolux, and the Plan) "refused to provide [ ] coverage without proof of insurability." [1, at ¶ 32.] Given that Prudential had sole discretion to make eligibility determinations, that allegation is not plausible.

fiduciary duties alleged all relate to eligibility determinations and coverage determinations, neither of which were made by Defendants. Plaintiff therefore fails sufficiently to allege a breach of fiduciary duty on the part of Defendants (separate and apart from the denial of benefits). *Cf. Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996) (finding breach of fiduciary duty under ERISA where employer "knowingly and significantly in deceiving a plan's beneficiaries in order to save the employer money"). Accordingly, the Court grants moving Defendants' motion to dismiss Plaintiff's Section 502(a)(3) claims against the Plan and Electrolux.

### III. Motion to Strike

#### A. Legal Standard

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored but may be used to expedite a case by "remov[ing] unnecessary clutter[.]" *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); see also *NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 85 F. Supp. 3d 988, 993 (N.D. Ill. 2015) ("But where a defendant's asserted [affirmative defenses] are both legion and mostly frivolous, a motion to strike can aid the parties in resolving the case by removing irrelevant issues from consideration."). When seeking to strike specific allegations, "the movant must show that the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997) (internal quotation marks and citation omitted); see also *Manuel v. Lucenti*, 2004 WL 2608355, at *2 (N.D. Ill. Nov. 16, 2004) ("To prevail on a motion to strike under Rule 12(f), defendants must demonstrate that the material at

issue does not bear on the subject matter of the litigation and will prejudice the defendants." (citation omitted)).

Affirmative defenses are pleadings and, as such, remain subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller*, 883 F.2d at 1294; *Shield Techs. Corp. v. Paradigm Positioning, LLC*, 2012 WL 4120440, at *10 (N.D. Ill. Sept. 19, 2012) (noting that affirmative defenses must be adequately pled under Rules 8 and 9 and must withstand a Rule 12(b)(6) challenge). Most courts in this district have applied the "plausibility" pleading standard in *Twombly* and *Iqbal* to affirmative defenses. See *Lincoln Gen. Ins. Co. v. Joseph T. Ryerson & Son, Inc.*, 2015 WL 3819215, at *2 (N.D. Ill. June 18, 2015); *Naylor v. Streamwood Behavioral Health Sys.*, 2012 WL 5499441, at *7 (N.D. Ill. Nov. 13, 2012) (collecting cases). Thus, an affirmative defense must comply with Rule 8(a) by providing "a short and plain statement" of the nature of the defense. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982) (citing Fed. R. Civ. P. 8(a)). This is meant to give the plaintiff "fair notice" of what the affirmative defense is and the "grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements * * * will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Ordinarily, [affirmative] defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294. A district court has "considerable discretion" in striking redundant, immaterial, impertinent, or scandalous matter. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

B.   **Analysis**

Plaintiff has moved to strike certain affirmative defenses and additional defenses of Defendant Prudential [36]. Prudential has agreed to withdraw its third defense (failure to state a

11

claim), and properly so, as failure to state a claim is not an affirmative defense. See *Elliot v. Mission Tr. Servs., LLC*, 104 F.Supp.3d 931, 936 n.3 (N.D. Ill. 2015) ("[F]ailure to state a claim is not a defense, although often erroneously pleaded as such as a matter of course."). Defendant Prudential also has agreed to withdraw its eighth affirmative defense for failure to exhaust administrative remedies, as Plaintiff has now done so. Prudential's third and eighth defenses therefore are stricken.

Plaintiff moves to dismiss Prudential's fourth defense (that Plaintiff seeks benefits to which he is not entitled under the plan) and fifth defense (that Plaintiff is not entitled to the benefits sought under the terms, conditions, limitations, and exclusions of the plan) as insufficiently pled. Prudential argues that it has explained to Plaintiff in the administrative proceedings why these defenses are meritorious. That may be the case, however, Prudential does not allege any facts in support of that assertion. Still, Prudential cites to *Leon v. Jacobson Transp. Co., Inc.*, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010), for the proposition that Rule 8(c) only requires that affirmative defenses be affirmatively stated, nothing more. In that case, the court held that affirmative defenses do not have to satisfy the *Twombly* and *Iqbal* pleading standards. *Id*. at *1. However, this Court has rejected that position and agrees with the majority of courts in this district that have applied the *Twombly* and *Iqbal* pleading standard to the pleading of affirmative defenses. *Fluidmaster, Inc. v. Kemper Indep. Ins. Co.*, 2017 WL 5455375, at *3 (N.D. Ill. Nov. 13, 2017). As discussed above, affirmative defenses are pleadings and remain subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller*, 883 F.2d at 1294. Regardless, whether Plaintiff is entitled to the benefits he seeks under the terms of the plan is part of Plaintiff's affirmative case. "Under federal law affirmative defenses generally admit the matters in a complaint but nevertheless assert facts that would defeat recovery." *Amelio v. Yazoo MFG. Co.*,

98 F.R.D. 691, 693 (N.D.Ill.1983). Prudential's fourth and fifth defenses therefore are not actually affirmative defenses and they also are stricken. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002) (affirming denial of motion to amend answer in part because purported affirmative defense was not cognizable as such).

Finally, Plaintiff also has moved to strike Prudential's catchall affirmative defense, which states that "Prudential reserves the right to amend its answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date." The Court agrees that this catchall affirmative defense is improper. *Jones v. UPR Prod., Inc.*, 2015 WL 3463367, at *2 (N.D. Ill. May 29, 2015) (citing *In re Ventra Card Litig.*, 2015 WL 1843044, at *7 (N.D.Ill. Apr. 21, 2015)). "Affirmative defenses must be pleaded based on the facts known, after a reasonable investigation, at the time of answer. If defendants must amend their pleadings in the future because they have learned facts in discovery that they did not know at the time of pleading, they may seek leave to amend pursuant to Rule 15, and leave will be freely granted as justice requires." *Id*. Although Prudential argues that Plaintiff's motion to strike should be denied because Plaintiff has not established prejudice, "[i]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." *Davis v. Elite Mortg. Servs.*, Inc., 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (citing *Household Fin. Serv., Inc. v. Northeastern Mortgage Inv. Corp.*, 2000 WL 816795, at *1 (N.D. Ill. June 22, 2000)). Prudential's catchall affirmative defense therefore is stricken.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss [30] is granted, and the motion to strike [36] is granted. Further status hearing set for March 19, 2019 at 9:30.

13

Date: February 25, 2019

Robert M. Dow, Jr.
United States District Judge